```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | |
|---|---|
| WAYNE ROSE, <br><br> Plaintiff, <br><br> v. <br><br> JOY BOHN, <br><br> Defendant. | Civil No. 20-13446 (RMB) <br><br> **OPINION** |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon Plaintiff Wayne Rose's filing of a pro se Complaint [Dkt. No. 1] against Defendant Joy Bohn, his sister. In the pro se Complaint, Plaintiff asserts several claims in diversity regarding Defendant's role as "attorney in fact" with regard to the affairs of their deceased father. Along with his Complaint, Plaintiff filed an application for permission to proceed in forma pauperis ("IFP")[Dkt. No. 2-1].

For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the pro se Complaint

on the docket.  Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint for sua sponte dismissal.

## I.    IFP APPLICATION

When a non-prisoner files an IFP Application, seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted).  The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  Upon review, the Court finds that Plaintiff has established that he lacks the financial ability to pay the filing fee.  Accordingly, the Court will grant Plaintiff's IFP Application.

## II.   LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action sua sponte "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v.

Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).  Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

    Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

    To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure.").  When a plaintiff files a complaint *pro se* and is faced with a motion to dismiss, "unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.)) (emphasis added).  This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend. Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate ... allegations of another ... federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

### III. DISCUSSION

In Plaintiff's eleven-page pro se Complaint, Plaintiff asserts claims for loss of consortium (First Cause Action), intentional infliction of emotional distress(Second Cause of Action), negligent infliction of emotional distress (Third Cause of Action), and prima facie tort (Fourth Cause of Action). Additionally, Plaintiff seeks injunctive relief to prevent Defendant from continuing to administer their father's estate (Fifth Cause of Action).

First Cause of Action

New Jersey law limits loss of consortium claims to spouses. Courts in the District of New Jersey have previously held that parents cannot recover for the loss of consortium of a minor

child in their household resulting from a defendant's negligence. See, e.g., Gould ex rel. Gould v. TJX Companies, Inc., Civ. No. 11-288, 2013 WL 1288167, at *5 (D.N.J. Mar. 26, 2013) (Hillman, J.). As an adult son living in a different state, Plaintiff cannot sustain a claim for loss of consortium upon the death of his elderly father, even if predicated on the negligence of Defendant. This claim is dismissed.

Second Cause of Action

"To state a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct, (2) that the conduct was 'extreme and outrageous,' (3) that the actions of the defendant were the cause of the plaintiff's distress, and (4) that the emotional distress sustained by the plaintiff was severe. Fahnbulleh v Steneck, Civ. No. 15-5075, 2018 WL 1610692 (D.N.J. Apr. 3, 2018) (Salas, J.) (citing Cole v. Laughrey Funeral Home, 869 A.2d 457, 464 (N.J. Super. Ct. App. Div. 2005)). "New Jersey courts have found that the emotional distress must meet an 'elevated threshold' which is only satisfied in 'extreme cases.'" Id. (quoting Griffin v. Tops Appliance City, Inc. 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001)). While Plaintiff may not ultimately meet that high standard, he has alleged each element,

including multiple physical and psychological symptoms of his alleged emotional distress.  The intentional infliction of emotional distress claim therefore survives at this stage.

### Third Cause of Action

Plaintiff cannot maintain his claim of negligent infliction of emotional distress either, as he fails to allege the required element that he "had a sensory and contemporaneous observation" of his father's death. See Jablownowska v. Suther, 948 A.2d 610, 617-18 (N.J. 2008) (citing Portee v. Jaffee, 417 A.2d 521, 527-28 (N.J. 1980)).  This claim is dismissed.

### Fourth Cause of Action

Plaintiff also alleges a "prima facie tort" claim, which is "designed to redress unjustified 'intentional, willful or malicious harms' where no adequate common law or statutory remedy exists." Silvestre v. Bell Atlantic Corp., 973 F. Supp. 475, 485 (D.N.J. 1997) (citing Mehlman v. Mobil Oil, 676 A.2d 1143 (N.J. App. Div. 1996).  Plaintiff's allegations of "intentional and malicious" conduct appear to be sufficient for this standard.  The Court notes, however, that although Plaintiff refers to Defendant's role as "Attorney in Fact," and Plaintiff owed a duty, discovery may prove otherwise.

### Fifth Cause of Action

Finally, Plaintiff seeks a permanent injunction barring Defendant from continuing to administer their father's estate.

Such a request is prohibited by the "probate exception" to the subject matter jurisdiction of the federal courts, the scope of which was defined by the Supreme Court in Marshall v. Marshall, 547 U.S. 293 (2006).  In seeking to remove Defendant from her position as administratrix of their father's estate, Plaintiff is asking the Court to intrude on the exclusive jurisdiction of the state probate court, which it shall not do.[1] See id. at 311-312.

**IV.   CONCLUSION**

For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED** and the Clerk of the Court will be directed to file the pro se Complaint on the docket.

Upon screening, Counts One and Three of the Complaint will be **DISMISSED WITHOUT PREJUDICE**, and Count Five of the Complaint will be **DISMISSED WITH PREJUDICE** for lack of federal subject matter jurisdiction.  Counts Two and Four may proceed.

---

[1] Even if the Court did have subject matter jurisdiction over this claim, a plaintiff seeking a permanent injunction is required to demonstrate (1) irreparable injury, and the inadequacy of monetary damages or other legal remedies to compensate for that injury; (2) that a remedy in equity is warranted, considering the balance of hardships between the parties; and (3) that the public interest would not be disserved. Ebay Inc. v. Mercexchange, L.L.C., 547 U.S. 388, 391 (2006).  Plaintiff fails to allege that monetary damages would be inadequate to compensate for the alleged injury done to him by Defendant's control of their father's estate, or why injunctive relief would be warranted and in the public interest (other than a reference to "[b]y reason of Human Dignity").

An appropriate Order shall issue on this day.

DATED: November 12, 2020

                                        <u>s/Renée Marie Bumb</u>
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE