# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| WAYNE ROSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOY BOHN,<br><br>　　　　　Defendant. | Civil No. 20-13446 (RMB/SAK)<br>(Lead Case)<br><br>**OPINION** |
| JOHN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PETER GARVEY, et al.,<br><br>　　　　　Defendants. | Civil No. 21-10198 (RMB/SAK)<br><br>**OPINION** |

**BUMB, U.S. District Judge**

This matter comes before the Court upon Plaintiff's Affidavit [Docket No. 20] filed in response to the Court's July 19, 2021 Order [Docket No. 17], which required Plaintiff to show cause why Plaintiff's case should not be dismissed. Having reviewed Plaintiff's Affidavit [Docket No. 20] and for the reasons stated herein, the Court shall dismiss, without prejudice, Plaintiff's case for lack of federal subject matter jurisdiction.

## I. BACKGROUND

### A. Procedural History

On September 25, 2020, Plaintiff Wayne Rose ("Plaintiff") initiated this action by filing a *pro se* Complaint against Defendant Joy Bohn ("Bohn"), his sister. [Docket No. 1.] In his initial Complaint, Plaintiff asserted five (5) causes of action against Ms. Bohn, each of which allegedly arises in diversity and regards Ms. Bohn's role as the "attorney in fact" with regard to the affairs of their deceased father: loss of consortium (First Cause Action), intentional infliction of emotional distress (Second Cause of Action), negligent infliction of emotional distress (Third Cause of Action), prima facie tort (Fourth Cause of Action), and a claim for injunctive relief to prevent his sister from continuing to administer their father's estate (Fifth Cause of Action). [*Id.*] On November 12, 2020, this Court issued an Opinion [Docket No. 4] and Order [Docket No. 5] dismissing the First Cause of Action, Third Cause of Action, and Fifth Cause of Action.

On April 19, 2021, Plaintiff initiated a separate lawsuit before this Court under the fictious name "John Anderson." *See* Civil No. 21-10198. On July 19, 2021, this Court issued an Order [Docket No. 17], consolidating Plaintiff's cases, vacating the Court's November 12, 2020 Order [Docket No. 5] to the extent that it permitted the Second Cause of Action and Fourth Cause of Action to proceed, and requiring Plaintiff to show cause why the Court should not dismiss these actions as malicious or otherwise abstain from adjudicating Plaintiff's case pending conclusion of the probate proceedings regarding his father's estate, among other things. Plaintiff then filed his

Affidavit [Docket No. 20] in response to the Court's July 29, 2021 Order [Docket No. 17].

### B. Subject Matter Jurisdiction

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). For a federal court to exercise diversity jurisdiction, two requirements must be met. First, the controversy must be between citizens of different states, with the citizenship of each party alleged specifically. 28 U.S.C. § 1332; *Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 138 (3d Cir. 2011); *S. Freedman & Co v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006). Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Boilerplate language concerning the amount in controversy and the nature and extent of a plaintiff's injuries will not suffice to establish the jurisdictional minimum as such language is tantamount to no allegation at all. *Compare Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (stating that, in diversity cases, "courts generally accept a party's good faith allegation of the amount in controversy"), *with Jaconski v. Avisun Corp.*, 359 F.2d 931, 937 (3d Cir. 1966) (stating that jurisdictional amount in controversy is to be ascertained from "the amount demanded by [the plaintiff], if that demand is found to have been made in good faith").

### C. Plaintiff's Affidavit

In his Affidavit, Plaintiff contends that his claims concern two parts which parallel the separate actions filed by Plaintiff in this Court. "Part One" concerns Plaintiff's claims against Ms. Bohn, including allegations that Ms. Bohn stole property from their father's estate, was negligent in managing their father's affairs, tortiously/maliciously/vindictively interfered with the relationship between their father and Plaintiff, and threatened Plaintiff, among other things. [Docket No. 20, at 5-16.]

"Part Two," on the other hand, concerns Plaintiff's claims against Defendants Peter Garvey (Ms. Bohn's attorney), Diane Rose (Plaintiff's other sister), the Honorable Michael J. Blee (Probate Judge of the Atlantic County Surrogate Court), and Patricia McDougal (Senior Probate Clerk of the Atlantic County Surrogate Court) for "outrageous unethical conduct which. . . violated [P]laintiff's civil rights as well as their responsibilities as [sic] uphold the [r]ules and [c]annons as members of the [b]ar and have an [o]ath to uphold and defend justice." [*Id.* at 5.] In addition, Plaintiff stated in his Affidavit that his prayer for relief consists of the following:

> 1. Allow his Second Cause of Action of intentional infliction of emotional distress and Fourth Cause of Action of prima facie tort, as pled in his initial Complaint [Docket No. 1] against Ms. Bohn, to proceed;
>
> 2. Vacate the prior order and findings of the probate judge;
>
> 3. Remove his father's estate from probate court altogether; and
>
> 4. Allow his claims to continue insofar as they concern his other sister, Diane Rose, and Peter Garvey.

[*Id.* at 31.]

## II. ANALYSIS

At the outset, the Court notes that Plaintiff has already informed it that the probate matter is no longer of concern as Plaintiff's father's will has now been probated and the probate matter settled.[1] [Docket No. 24, at 2.] The Court finds that Plaintiff has failed to allege any cognizable claim against any of the defendants that would invoke the Court's federal question subject matter jurisdiction. Plaintiff's claims against the Honorable Michael J. Blee are also barred by the doctrine of judicial immunity, which "is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Conclusory allegations that Ms. Bohn's attorney, the probate court's clerk, or any other individual violated Plaintiff's constitutional civil rights in communications that concern a prior probate court action simply will not suffice. Furthermore, federal district court is not the proper forum in which to appeal an unfavorable decision of a state probate court judge.

Next, the Court considers whether Plaintiff has adequately alleged a federal claim pursuant to this Court's diversity jurisdiction. The Court will assume, as it has

---

[1] The Court also finds that Plaintiff's claims insofar as they concern prior proceedings before the state probate court are clearly outside this Court's jurisdiction as such claims are limited to issues that "involve the administration of an estate, the probate of a will, or any other purely probate matter." *Marshall v. Marshall*, 547 U.S. 293, 312, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006) (citations omitted).

5

previously, that complete diversity of citizenship exists, at least with respect to Plaintiff (a citizen of New York) and his sister Ms. Bohn (a citizen of Delaware). However, the Court is not satisfied that Plaintiff has met his burden to show that the amount in controversy with respect to any of his claims exceeds $75,000, exclusive of interest and costs. In fact, the Court finds that Plaintiff has admitted in his Affidavit that the amount in controversy here does not exceed the $75,000 threshold for this Court to invoke diversity jurisdiction. Indeed, Plaintiff has stated that the amount allegedly stolen from his father's estate "wasn't much" [Docket No. 20, at 21], aside from the refusal of a family member "to return a $30,000 china set to the estate" [*Id.* at 19], and, ultimately, that he is bringing claims against Ms. Bohn but "[t]his is not ABOUT MONEY, ITS ABOUT JUSTICE AND DOING WHAT IS RIGHT" [*Id.* at 28 (emphasis in original)]. Nowhere in the Affidavit or elsewhere in any of Plaintiff's earlier filings has Plaintiff expressly stated the actual amount in controversy. However, after carefully considering the events that gave rise to Plaintiff's claims and the nature of Plaintiff's allegations, the Court finds that Plaintiff has failed to meet his burden to demonstrate this Court's diversity jurisdiction as it concerns the amount in controversy requirement. In that regard, the Court is concerned "that Plaintiff intends to use this Court to settle his personal vendettas." [Docket No. 17, at 2.] Simply put, this is not a proper purpose, and nonetheless, the Court finds that it does not have federal subject matter jurisdiction over Plaintiff's case. Ultimately, it is Plaintiff's burden to establish that his case belongs in federal court, and Plaintiff has not done so.

### III.  CONCLUSION

For the reasons stated above, the Court shall dismiss, without prejudice, Plaintiff's case for lack of federal subject matter jurisdiction. An accompanying Order shall issue.

<u>January 6, 2022</u>                                                          <u>s/Renée Marie Bumb</u>
Date                                                                              Renée Marie Bumb
                                                                                     U.S. District Judge